# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JORDAN JOSEPH KINARD,** | |
| Plaintiff, | Case No. 7:15CV00254 |
| v. | **OPINION** |
| **DR. ROSE DULANEY,** | By: James P. Jones |
| | United States District Judge |
| Defendant. | |

*Jordan Joseph Kinard, Pro Se Plaintiff*

The plaintiff, Jordan Joseph Kinard, a Virginia inmate proceeding pro se, has filed a "Motion for Temporary Restraining Order," demanding immediate treatment for abdominal pain. He has also submitted a civil rights complaint under 42 U.S.C. § 1983 on the same issue, seeking monetary damages. Because Kinard has not prepaid the filing fee for this action, I will also consider whether he qualifies to proceed in forma pauperis under 28 U.S.C. § 1915. After review of the record, I will summarily dismiss this lawsuit under 28 U.S.C. § 1915(g) and deny Kinard's motion, because he has previously had at least three federal lawsuits dismissed as frivolous or for failure to state a claim and has not shown imminent danger of physical harm related to his present claim.

Kinard alleges that on August 25, 2014, Dr. Dulaney assessed him for a complaint of abdominal pain and diagnosed stomach ulcers.  The doctor prescribed medication for three months and refused to alter that conservative treatment even when Kinard continued to complain of abdominal pain and burning.  In late November 2014, Dr. Dulaney and Dr. Stanford assessed Kinard's condition and ordered stool samples, blood tests, and an X ray to test for stomach ulcers.  The X ray was performed on November 28 and showed mild stool retention and gas in his large bowel.  On December 1, Kinard was moved to the medical unit for the other testing.  Nurses refused to observe all of Kinard's stools, however, so he asked to be returned to his housing unit, and that request was granted.  Nurses noted that Kinard had refused offered care.

Kinard showed Nurse Bledsoe a dark, strangely shaped stool on January 11, 2015, which she characterized as "chrones and colitis."  (Compl. ¶ 10.)  When Kinard saw Dr. Dulaney a few days later, however, she reordered the medication that had already proven ineffective on his conditions.  She also ordered stool monitoring and observation in the medical unit, but a mental health staff member ordered Kinard be moved to administrative segregation instead.

Kinard mailed his § 1983 complaint to the court on or about May 11, 2015, along with a motion for interlocutory injunctive relief. In this motion, Kinard states that he suffers from conditions "partially diagnosed as stomach ulcers, H. plyori, chrones and colitis which can cause life-long handicap or even death if not promptly and adequately treated." (Mot. TRO ¶ 1, ECF No. 2.) Kinard asserts that since March 2015, he has filed a dozen sick call requests which officials have ignored. He is receiving Motrin for a hand injury and Zantac for chest pains, but allegedly has had no care prescribed for his abdominal problems: the gas in his large bowel, "stomach ulcers, urinary tract infection, rectal pains, and bleeding and bowel incontinence."[1] (Id. ¶ 3.) As relief, Kinard asks the court to order the defendant to "promptly and properly diagnose and treat" these conditions. (Id. ¶ 4.)

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, the in forma pauperis statute. One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had

---

[1] In fact, information available online indicates that Zantac is used to treat and prevent ulcers in the stomach and intestines. See, e.g., www.drugs.com/zantac.html (last visited June 16, 2015).

-3-

three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Courts have held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan,* 279 F.3d 526, 531(7th Cir. 2002). Numerous courts have also concluded that where a three-striker inmate's allegations reflect that he has received medical care and simply disagrees with the opinions of the medical personnel who have examined him, he fails to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g). See, e.g., *Renoir v. Mullins*, No. 7:06CV00474, 2006 WL 2375624 (W.D. Va. Aug. 15, 2006) (finding disagreement with diagnoses and prescribed treatment is not imminent danger of serious physical harm).

Court records available on line indicate that the plaintiff has accumulated three strikes under § 1915(g): *Kinard v. Hendricks*, No. 2:07-cv-00461-JBF-JEB (E.D. Va. Nov. 1, 2007); *Kinard v. Sanchez*, No. 2:07-cv-00355-JBF-JEB (E.D. Va. Aug. 6, 2007); and *Kinard v. Land*, No. 2:07-cv-00079-JBF-TEM (E.D. Va. April 11, 2007). All three of these cases were dismissed under 28 U.S.C. § l915A(b)(1), which authorizes summary dismissal of prison conditions cases as

frivolous, malicious, or for failure to state a claim. *See also Kinard v. Va. Dep't of Corr.*, No. 7:14CV00268 (W.D. Va. May 28, 2014) (dismissed under § 1915(g) based on three prior strikes). Accordingly, Kinard may proceed in forma pauperis (without prepayment of the filing fee) only if he can show imminent danger of serious physical injury. § 1915(g).

I cannot find that Kinard has presented facts showing that he is in imminent danger of serious physical harm related to his current claims. The essence of Kinard's complaint is that he disagrees with the doctor's current diagnosis and treatment of his stomach problems with medication, based on stool samples, blood work, and an X ray. Kinard's self-diagnosis of his continuing symptoms as potentially life-threatening merely reflects his disagreement with his physicians' medical judgments. Accordingly, I cannot find that Kinard has shown imminent danger of physical harm as required under § 19 15(g) so as to allow him to proceed by paying the filing fee through installments.[2]

Because the records reflect that Kinard has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm related to his present claims, I must deny his application to proceed in forma

---

[2] On the same bases, Kinard's allegations fail to state any actionable Eighth Amendment claim against any of the medical staff he mentions in the submission, *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985), and fail to predict imminent, irreparable harm as required to warrant a temporary restraining order. See Fed. R. Civ. P. 65(b).

pauperis in this civil action under § 1915(g). As he also has not prepaid the $350.00 filing fee and the $50.00 administrative fee required to bring a civil action in this court, I will dismiss the complaint without prejudice and deny his motion for temporary restraining order.

A separate Final Order will be entered herewith.

DATED: June 16, 2015

/s/ James P. Jones
United States District Judge